# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-1591V

|  |  |
|---|---|
| KATHLEEN PACHUCKI,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: October 10, 2023 |

*Michael G. McLaren*, Black McLaren, et al., PC, Memphis, TN, for Petitioner.

*Martin Conway Galvin*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS[1]**

On July 20, 2020, Kathleen Pachucki filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration as a result of an influenza vaccine that was administered on January 7, 2020. Petition, ECF No. 1. On May 3, 2023, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 40.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $50,505.50 (representing $47,399.80 in fees and $3,105.70 in costs). Petitioner's Application for Attorneys' Fees and Costs ("Motion") filed July 26, 2023, ECF No. 46. In accordance with General Order No. 9, Petitioner filed a signed statement representing that Petitioner incurred no out-of-pocket expenses. ECF No. 46-3.

Respondent reacted to the Motion on Aug. 9, 2023, deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 47. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

## ATTORNEY FEES

Petitioner requests the following hourly rates for attorneys performing work in this matter:

|  | **2021** | **2022** | **2023** |
|---|---|---|---|
| Michael McLaren | X | $501 | $527 |
| William Cochran | $420 | X | $457 |
| Chris J. Webb | $364 | $395 | $415 |
| Paralegals | $161 | $167 | $175 |

The hourly rates requested for Mr. McLaren through the end of 2023 are reasonable and consistent with prior determinations and will therefore be adopted herein. The hourly rates requested for Mr. Cochran, Mr. Webb, and paralegals between 2021-2022 are also consistent with prior determinations and will be adopted. And all travel time was properly billed at one-half of the attorney's usual hourly rate. Id. at 14; see, e.g., *Hocraffer* v. *Sec'y of Health & Hum. Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011).

However, the rates requested for Mr. Cochran, Mr. Webb, and paralegals for time billed in 2023 require adjustment. Mr. Cochran was previously awarded the *lesser* rate of $450; Mr. Webb the *lesser* rate of $410, and paralegals the *lesser* rate of $172, for all time billed in 2023. See *Gibson* v. *Sec'y of Health & Hum. Servs.*, No. 20-0243V (Fed. Cl. Spec. Mstr. May 8, 2023); and *Leonard* v. *Sec'y of Health & Hum. Servs.*, No. 19-0714 (Fed. Cl. Spec. Mstr. June 8, 2023). I find no reason to deviate from the previously awarded rates. Accordingly, I will reduce the 2023 rates to be consistent with prior determinations. This results in a reduction of **$185.20**.[3]

## ATTORNEY COSTS

Petitioner requests $3,105.70 in overall costs. ECF No. 46-2. This amount is comprised of obtaining medical records, shipping costs, travel expenses, and the court's filing fee. I have reviewed the requested costs and find them to be reasonable and shall award them in full.

---

[3] This amount consists of ($457 - $450 = $7 x 1.10 = $7.70) + ($415 - $410 = $5 x 32.50 = $162.50) + (175 - $172 = $3 x 5 = $15.00) = $185.20

3

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **I award a total of $50,320.30 (representing $47,214.60 in fees and $3,105.70 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Michael McLaren.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.